IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| CHOICE HOTELS INTERNATIONAL, INC., | * | |
| Plaintiff, | * | |
| v. | * | Case No.: PWG-18-1034 |
| RAJENDRA PATEL et al | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Choice Hotels International, Inc. ("Choice Hotels") filed an application to confirm arbitration award against Minesh Patel and Rajendra Patel. App., ECF No. 1. Choice Hotels subsequently filed a motion for default judgment against Minesh Patel and Rajendra Patel in the amount of $160,126.00 plus post-judgment interest and $400.00 for the costs of this action. Pl.'s Mot., ECF No. 7. Because I find that I have jurisdiction to confirm the arbitration award and Defendants have not responded and demonstrated any basis for vacating the award, I will grant Choice Hotel's motion for default judgment.

I. BACKGROUND

On October 20, 2017 an arbitration award was entered in favor of Plaintiff Choice Hotels against Defendants Minesh Patel and Rajendra Patel jointly and severally. *See* Arbitration Award, ECF No. 1-3. The award consisted of $152,200.00 in liquidated damages plus $7,926.00 in arbitration fees. *See id.* On April 10, 2018, Choice Hotels filed its application to confirm arbitration award against Defendants. This was within one year of the arbitration award. *See*

App. Defendants Minesh Patel and Rajendra Patel were properly served on May 31, 2018, and April 15, 2018, respectively. *See* ECF No. 5. The Defendants were required to file their responses on June 21, 2018 and May 7, 2018 respectively and they have failed to answer or otherwise defend. The Clerk of the Court entered Defendants' defaults on August 31, 2018. ECF No. 9. A hearing is unnecessary to determine the amount of liability given the information provided in the arbitration award, ECF No. 1-3, and affidavit provided by Plaintiff, ECF No. 7-1.

## II. DISCUSSION

Choice Hotels moves for default judgment with respect to its arbitration award. The Fourth Circuit has stated that

> [j]udicial review of an arbitration award is "severely circumscribed." *Patten v. Signator Ins. Agency, Inc.*, 441 F.3d 230, 234 (4th Cir. 2006). In fact, the scope of judicial review for an arbitrator's decision "is among the narrowest known at law because to allow full scrutiny of such awards would frustrate the purpose of having arbitration at all – the quick resolution of disputes and the avoidance of the expense and delay associated with litigation."

*Three S. Del., Inc. v. DataQuick Info. Sys., Inc.*, 492 F.3d 520, 527 (4th Cir. 2007) (quoting *Apex Plumbing Supply, Inc. v. U.S. Supply Co., Inc.*, 142 F.3d 188, 193 (4th Cir. 1998)). The Federal Arbitration Act provides that

> [i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title. If no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made.

9 U.S.C. § 9. "If there is a valid contract between the parties providing for arbitration, and if the dispute resolved in the arbitration was within the scope of the arbitration clause, then substantive review is limited to those grounds set out in [9 U.S.C. § 10]." *Choice Hotels Int'l, Inc. v. Shriji*

2

*2000*, No. DKC-15-1577, 2015 WL 5010130, at *1 (D. Md. Aug. 21, 2015) (citing *Apex Plumbing*, 142 F.3d 193). 9 U.S.C. § 10 provides that a court may vacate an arbitration award

1) where the award was procured by corruption, fraud, or undue means;

2) where there was evident partiality or corruption in the arbitrators, or either of them;

3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

"[T]he party opposing the award bears the burden of proving the existence of grounds for vacating the award." *Choice Hotels Int'l, Inc. v. Austin Area Hosp., Inc.*, No. TDC01500516, 2015 WL 6123523, at *2 (D. Md. Oct. 14, 2015) (citing *Three S Del., Inc.*, 492 F.3d at 527).

In this case, the parties' franchise agreement includes an arbitration clause which provides, in part, that "any controversy or claim arising out of or relating to this Agreement, or the breach of this Agreement, ... will be sent to final and binding arbitration before either the American Arbitration Association, J.A.M.S., or National Arbitration Forum ..." Arbitration Agr., ECF No. 1-2. The arbitration clause further provides that "[j]udgment on the arbitration award may be entered in any court having jurisdiction" and "[a]ny arbitration will be conducted at our headquarters office in Maryland." *Id.*

Because Choice Hotels filed its demand for arbitration against Defendants seeking damages for a breach of their franchise agreement, the arbitration resolved a dispute within the

3

scope of the parties' arbitration clause. *See* ECF 7. Because the arbitration award was made on October 20, 2017 and Choice Hotels' motion was filed on April 10, 2018, the application for arbitration award was timely. *See* ECF 1, 1-3. The parties appear to be diverse and the amount in controversy satisfies the jurisdictional minimum for diversity jurisdiction in this Court. *See* 28 U.S.C. § 1332(a). Thus this Court has jurisdiction to confirm the arbitration award. *See Austin Area*, 2015 WL 6123523, at *2; *Choice Hotels Int'l, Inc. v. Savannah Shakti Corp.*, No. DKC-11-0438, 2011 WL 5118328, at *3 (D. Md. Oct. 25, 2011). Further, because Defendants have failed to respond to Plaintiff's application, they have not demonstrated any ground for vacating the award. *See Shriji 2000*, 2015 WL 5010130, at *2 (granting default judgment in favor of plaintiff's application to confirm arbitration award when defendants failed to respond); *Swami Krupa, Inc.*, 2015 WL 4430684, at *2.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment is GRANTED.

### ORDER

Accordingly, it is on this 10th day of December, 2018, by the United States District Court for the District of Maryland, hereby ORDERED that:

a. Plaintiff's motion for default judgment, ECF No. 7, is GRANTED.

b. The application of Plaintiff Choice Hotels International, Inc. to confirm arbitration award is GRANTED;

c. The award of $160,126.00 (representing $152,200.00 in liquidated damages, $3,276.00 in arbitrator compensation and $4,650.00 in administrative expenses) is CONFIRMED;

d. Judgment shall be entered in favor of Plaintiff Choice Hotels International, Inc. and against Defendants Minesh Patel and Rajendra Patel in the amount of $160,126.00, plus post-judgment interest at the prevailing rate until paid and costs of $400.00 (representing the court's filing fee);

e. The Clerk will send copies of this Memorandum Opinion and Order to the parties and CLOSE the case.

Paul W. Grimm
United States District Judge

spr